UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                 Criminal Case No. 21-20464

JAMES HINTON,                 Honorable Sean F. Cox

    Defendant.

_____/

**SECOND
ORDER NOTIFYING DEFENDANT
OF RECHARACTERIZATION
AND DIRECTING HIM TO FILE MEMORANDUM**

In Criminal Case Number 21-20464, Defendant James Hinton ("Hinton") pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). This Court sentenced Defendant Hinton on January 1, 2022. Hinton did not file a direct appeal.

Acting *pro se*, Hinton sent a written submission to this Court on December 19, 2023 (ECF No. 34), wherein he asks this Court to vacate his sentence and release him.

Although Hinton's submission did not cite the legal authority under which he asked this Court to vacate his sentence, the relief requested is consistent with a motion to vacate sentence under 28 U.S.C. § 2255 and is therefore the equivalent of a petition under § 2255. Before characterizing Hinton's submission as a § 2255 motion, however, Hinton must be given the opportunity to withdraw the filing. *See In re Shelton*, 295 F.3d 620, 622 (6th Cir. 2002). This is because "[a]n unintended byproduct of [liberally construing *pro se* filings as § 2255 petitions] . . . is that it may effectively deprive an uninformed *pro se* litigant of the future opportunity to file a

motion to vacate his sentence under § 2255." *Id*. at 621.  After a prisoner files one motion under § 2255, the Antiterrorism and Effective Death Penalty Act generally prevents a prisoner from filing a second or successive § 2255 motion.  Thus, the prisoners must be aware that the Court's construction of their petition may limit their ability to pursue future avenues of collateral relief and must be given the opportunity to either agree with the Court's construction or withdraw their motion.

Accordingly, in an Order issued on January 5, 2024, this Court notified Hinton that the Court intended to construe his December 19, 2023 submission as a motion for relief under 28 U.S.C. § 2255 and directed Hinton to file a one-page memorandum on or before January 31, 2024, indicating whether he agrees with the Court's intended characterization of his written submission or whether he withdraws it."

Thereafter, Hinton filed a motion asking to withdraw his December 19, 2023 submission (ECF No. 36) and this Court issued an Order granting that motion to withdraw.  (ECF No. 37).

On February 6, 2024, Hinton filed another written submission that seeks release.  (ECF No. 38).  This motion also seeks relief that is consistent with a motion under § 2255.  As such, the Court  **hereby NOTIFIES Hinton that the Court intends to construe his February 6, 2024 submission (ECF No. 38) as a motion for relief under 28 U.S.C. § 2255.**

Hinton is **DIRECTED** to file a one-page memorandum on or before **February 16, 2024, indicating whether he agrees with the Court's intended characterization of his written submission or whether he withdraws it.**  In the event that Hinton does not file a memorandum on or before that date, his February 6, 2024 filing will be deemed a motion under § 2255.

**IT IS SO ORDERED.**

s/Sean F. Cox  
Sean F. Cox  
United States District Judge

Dated:  February 8, 2024

I hereby certify that a copy of the foregoing document was served upon counsel of record on

February 8, 2024, by electronic and/or ordinary mail.

                                                                         s/Jennifer McCoy  
                                                                         Case Manager