UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,                      Cases Nos. 21-cr-20464; 24-cv-10482

v.

                                            Hon. Sean F. Cox
JAMES HINTON,                            United States District Court Judge

    Defendant/Petitioner.
_____/

## ORDER DENYING PETITIONER'S MOTION TO VACATE CONVICTION UNDER 28 U.S.C. § 2255 (ECF No. 38)

Petitioner James Hinton was convicted of possessing a firearm and ammunition as felon, *see* 18 U.S.C. § 922(g)(1), pursuant to a plea agreement. Hinton now moves the Court to vacate that conviction under 28 U.S.C. § 2255. "District courts must hold an evidentiary hearing on motions under § 2255 'unless the record conclusively shows that the petitioner is entitled to no relief.'" *Villa v. United States*, 56 F.4th 417, 420 (6th Cir. 2023) (quoting *Martin v. United States*, 889 F.3d 827, 832 (6th Cir. 2018)).

According to Hinton, § 922(g)(1) is a facially unconstitutional restriction on his Second Amendment rights. And, Hinton says, constitutionally effective counsel would not have advised him to plead guilty to violating such a patently unconstitutional law. Ineffective-assistance claims require a showing that counsel's conduct was professionally unreasonable and prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668 (1984).

Hinton's challenges fail because, as the Sixth Circuit recently explained in *United States v. Williams*, § 922(g)(1) "is not susceptible to a facial challenge." 113 F.4th 637, 657 (6th Cir. 2024). And *Williams* tracks post-*Bruen* developments in this Court. *See, e.g.*, *United States v.*

*Nelson*, 680 F. Supp. 3d 827, 832–35 (E.D. Mich. 2023); *see also New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022).

Because § 922(g)(1) is a facially constitutional, Hinton's conviction did not violate the Second Amendment. For the same reason, any professionally unreasonable conduct by Hinton's counsel did not prejudice him. And the record definitively shows these things. Accordingly, **IT IS ORDERED** that Petitioner's motion to vacate his conviction under § 2255 (ECF No. 38) is **DENIED**.

**IT IS SO ORDERED.**

Dated: October 15, 2024
s/Sean F. Cox
Sean F. Cox
U. S. District Judge

I hereby certify that on October 15, 2024, the document above was served on counsel and/or the parties of record via electronic means and/or First Class Mail.

s/J. McCoy
Case Manager

2